IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**AKEED ALOMARI and**     **PLAINTIFFS**
**MOHAMED ALQAIFI**

**V.**     **NO. 4:24-CV-81-DMB-JMV**

**SOUTH JEFFERSON APARTMENTS,**
**LLC**     **DEFENDANT**

### ORDER

    South Jefferson Apartments, LLC, removed this case from state court alleging diversity jurisdiction and that this case constitutes a core bankruptcy proceeding. After the plaintiffs filed a motion to remand, South Jefferson failed to respond to the motion to remand, failed to file the state court record as required by local rule, and failed to comply with the Court's order to file the state court record. The plaintiffs then filed a motion for dismissal and remand. Because South Jefferson's notice of removal fails to allege a valid basis to maintain this case in this federal forum and because South Jefferson failed to comply with not only local rule requirements but also this Court's order, this case will be remanded.

**I**
**Procedural History**

    On November 3, 2023, Akeed Alomari and Mohamed Alqaifi filed a complaint in the Circuit Court of Montgomery County, Mississippi, against South Jefferson Apartments, LLC. Doc. #2. Alleging they sold real property to South Jefferson and South Jefferson failed to fulfill its obligations under the installment promissory note and associated land deed of trust, the plaintiffs demand $190,000 for delinquent payments and insurance coverage, "plus any and all costs of collection, attorneys fees and interest at the contract rate, until paid." Doc. #2 at PageID

6. On August 30, 2024, South Jefferson removed the case to the United States District Court for the Northern District of Mississippi (1) "[p]ursuant to 28 U.S.C. § 1367" based on allegations that it "filed its Chapter 11, Subchapter V bankruptcy case on June 2, 2024, in the Southern District of Mississippi" and "th[is] case constitutes a core matter pertaining to property of the bankruptcy estate;"[1] and (2) "[p]ursuant to 28 U.S.C. § 1332(a)" based on allegations that "th[is] case disputes a sum greater than $75,000.00 and all the parties thereto are acknowledged residents and citizens of the State of Mississippi."[2] Doc. #1 at PageID 2.

On September 6, 2024, the Clerk of the Court issued a notice directing South Jefferson to file the state court record as required by Local Rule 5(b).[3] The same day, the plaintiffs filed an "Objection to Defendant's Notice of Removal." Doc. #4. Four days later, the plaintiffs filed a motion to remand. Doc. #6.

On September 11, 2024, United States Magistrate Judge Jane M. Virden stayed this case as to the attorney conference, disclosure requirements, and all discovery not related to remand. Doc. #8. A week later, on September 18, the Clerk of the Court issued a second notice directing South Jefferson to file the state court record as required by Local Rule 5(b). The Clerk of the Court directed South Jefferson to file the state court record a third time on September 27, 2024.

On October 9, 2024, since South Jefferson had not filed the state court record despite being

---

[1] South Jefferson clearly erred in citing 28 U.S.C. § 1367, since that statute concerns supplemental jurisdiction. It nevertheless elaborates that this is a core proceeding because "such rests firmly within the purview of the United States Trustee, even as Defendant/Debtor anticipates subsequent transfer of the matter to the United States District Court for the Southern District of Mississippi and to the United States Bankruptcy Court for the Southern District of Mississippi, where the Defendant/Debtor's bankruptcy case resides." Doc. #1 at PageID 2.

[2] Though the opening paragraph of the removal notice states it is filed "pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446, 1452 and 1453 and FRBP Rule 9027," jurisdiction under only 28 U.S.C. § 1367 and 28 U.S.C. § 1332 are discussed. *See generally* Doc. #1.

[3] Local Rule 5(b) mandates that "[i]n addition to the requirements for removal set forth in 28 U.S.C. § 1446, a defendant or defendants desiring to remove any civil action or criminal prosecution from a state court must file a copy of the entire state court record no later than 14 days from the date of removal."

2

directed to do so three times by the Clerk of the Court, Judge Virden ordered South Jefferson "to comply with the clerk's notices and L.U. Civ. R. 5(b) within seven (7) days." Doc. #9 at PageID 59. South Jefferson did not do so.

On October 30, 2024, the plaintiffs filed a motion for an "Order dismissing the instant action from federal court and remand it to the Circuit Court of Montgomery County," citing South Jefferson's "failure to comply with the Local Rules and the Orders of this Court." Doc. #11 at PageID 62.

To date, South Jefferson has not filed the state court record as ordered by the Court and as thrice directed by the Clerk of the Court, has not responded to the motion to remand, and has not responded to the October 30 motion.

## II
## Motion to Remand

In seeking remand, the plaintiffs argue South Jefferson's removal was improper because (1) diversity jurisdiction under 28 U.S.C. § 1332 does not exist since, based on South Jefferson's own admission, "all the parties … are acknowledged residents and citizens of the State of Mississippi;"[4] and (2) this case "is not core to [South Jefferson's] bankruptcy proceeding" and "is not sufficiently related to the bankruptcy proceeding."[5] Doc. #7 at PageID 52, 53, 54.

### A. Diversity Jurisdiction

Diversity jurisdiction requires (1) complete diversity between the parties, and (2) an

---

[4] They further argue South Jefferson "is also precluded from invoking removal based on 28 U.S.C. § 1441" because "[a]ccording to the language of § 1441(b)(2), 'A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) … may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Doc. #7 at PageID 52.

[5] They point out that in South Jefferson's bankruptcy case, "the United States Trustee has filed a Motion to Convert or Dismiss … to dismiss [South Jefferson] in the bankruptcy proceeding filed by [South Jefferson] because [South Jefferson] has failed to provide the required documents and information in order for the United States Trustee to effectively administer the bankruptcy estate." *Id.* at PageID 51.

amount in controversy more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Parties are completely diverse if 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *PNC Bank, Nat'l Ass'n v. 2013 Travis Oak Creek, L.P.*, 136 F.4th 568, 572 (5th Cir. 2025) (quoting *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014)). South Jefferson acknowledges in its removal notice that all parties are citizens of Mississippi. Doc. #1 at PageID 2. So, diversity jurisdiction does not exist.

### B. Bankruptcy Jurisdiction

The plaintiffs argue this case "is not core to [South Jefferson's] bankruptcy proceeding" because their "claim is wholly based on state substantive law and in no way arises under bankruptcy nor does it invoke rights created by federal bankruptcy law." Doc. #7 at PageID 54. Additionally, referencing three district court opinions,[6] they argue this case is not sufficiently related to South Jefferson's bankruptcy case because their motion to remand was timely filed, "the underlying cause of action is that of state contract law …, the proceeding at hand is not a core proceeding, the case could not otherwise be commenced in federal court, and the case was commenced in state court on state law grounds," such that 28 U.S.C. § 1334(c)(2) requires the Court to abstain. Doc. #7 at PageID 54–55.

Under 28 U.S.C. § 1334, "the district courts shall have original and exclusive jurisdiction of all cases under title 11;" and " the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(a), (b).

> If the proceeding involves a right created by the federal bankruptcy law, it is a core proceeding; for example, an action by the trustee to avoid a preference. If the proceeding is one that would arise only in bankruptcy, it is also a core proceeding;

---

[6] The plaintiffs cite, quote, and/or discuss *Arnold v. First Greensboro Home Equity, Inc.*, 327 F. Supp. 2d 1022 (E.D. Mo. 2004); *Clark v. Beneficial Mississippi, Inc.*, 280 F. Supp. 2d 570 (S.D. Miss. 2003); and *Walton v. Tower Loan* 388 F. Supp. 2d 981 (N.D. Miss. 2004). Doc. #7 at PageID 53–54.

4

for example, the filing of a proof of claim or an objection to the discharge of a particular debt. If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.

*In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (emphasis omitted).

This case clearly is not a core proceeding. The plaintiffs' claims—breach of the installment promissory note and breach of the deed of trust—are all based on state law. None of the plaintiffs' claims invoke a substantive right created by a federal bankruptcy statute or federal bankruptcy law.

As for related-to bankruptcy jurisdiction, South Jefferson's notice of removal does not allege this case is related to its bankruptcy proceeding. And because South Jefferson failed to respond to the motion to remand, it does not even attempt to negate the plaintiffs' argument that this case is not sufficiently related to its bankruptcy case. This Court declines to address a basis for jurisdiction that South Jefferson does not raise in its notice of removal, especially since South Jefferson has taken no action to challenge the motion to remand.[7] In short, given the circumstances

---

[7] Alternatively, even if South Jefferson asserted related-to bankruptcy jurisdiction as a basis for removal, this Court abstains from exercising jurisdiction over this case. 28 U.S.C. § 1334(c)(1) provides that "nothing … prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." In that regard, § 1334(c)(2) states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Based on these statutory provisions, even if this case is related to South Jefferson's bankruptcy case, abstention is prudent. The plaintiffs timely filed their motion to remand, including a request for this Court to abstain from hearing this case. Doc. #7 at PageID 51. This case is premised solely on state law; could not have been properly brought in federal court under 28 U.S.C. § 1332 (or 28 U.S.C. § 1331); and based on South Jefferson's removal notice, the plaintiffs' state court case was commenced in state court before South Jefferson filed bankruptcy in the Southern District of Mississippi. *See* Doc. #1 at PageID 1 ("Defendant filed its Chapter 11, Subchapter V bankruptcy case on June 2, 2024."). So, like the district court in *Walton*, this Court "sees little, if any, practical benefit in retaining jurisdiction over this case" if related-to bankruptcy jurisdiction existed. *Walton*, 338 F. Supp. 2d at 698. Remand is the result for this reason too.

here, South Jefferson's bankruptcy filing presents no cause to evade the remand of this case.[8]

### C. State Court Record

South Jefferson's failure to file the state court record warrants remand too. While failure to comply with removal procedures is not a jurisdictional basis to remand a case because the failure can be cured,[9] South Jefferson has been given multiple opportunities to comply with Local Rule 5(b) but has not done so.[10] That such failure also squarely defies this Court's order is yet another reason why this case will not remain in this federal forum.

### D. Summary

For each reason individually and all reasons collectively discussed above, this case will be

---

[8] This Court agrees with district courts in this circuit who have found the automatic bankruptcy stay does not prohibit remand of claims against a bankrupt debtor. *See Hudgens v. Deer Valley Home Builders, Inc.*, No. 1:09-00417, 2009 WL 2878052, at *2 (citing cases). In *Hudgens*, "[t]he question presented [was] whether the automatic stay prohibits the remand of claims against DESA, the debtor in bankruptcy." *Id.* In concluding that "it does not," the district court there explained:

> In this case, the circumstances heavily support a remand. Removal in the first instance was based upon diversity grounds; the plaintiffs' claims are firmly rooted in state law. All parties, aside from DESA itself, have expressly consented to the remand. DESA has voiced no opposition to this motion, and a remand will place DESA in no better or worse position, legally or financially, than the position it occupied at the time of removal. Related litigation pending in state court awaits consolidation. In sum, because § 362(a) does not explicitly preclude a remand, and because consolidated proceedings in state court will facilitate the most judicially efficient resolution to this dispute, a remand, including all named parties, is warranted.

*Id.*; *see Hebert v. Aguillard,* No. 2:21-CV-01052, 2021 WL 4999273, at *2 (W.D. La. Oct. 27, 2021) ("The existence of the bankruptcy automatic stay does not preclude this Court from deciding a motion to remand because a remand is not an adjudication on the merits, it does not jeopardize or infringe on a debtor's breathing space or threaten to deplete the estate against the interests of other creditors, and therefore is consistent with the purposes of a stay.") (cleaned up; citation omitted).

Here, the plaintiffs' claims against South Jefferson are based on state law, South Jefferson has not opposed remand, remand will leave South Jefferson in the same position it was at the time of removal (and currently), the state court can most efficiently address the state law claims.

[9] *Covington v. Indemnity Ins. Co.*, 251 F.2d 930, 932–33 (5th Cir. 1958); *Simpson v. Am. Int'l Indus.*, No. 1:22-CV-153, 2023 WL 2482134, at *3 (S.D. Miss. Mar. 13, 2023).

[10] *See City of Holly Springs v. Johnson & Johnson*, No. 3:21-cv-246, 2022 WL 4287206, at *6 n.16 (N.D. Miss. Sept. 16, 2022) ("*Covington* is distinguishable from the situation here because 'the plaintiff in *Covington* did not seek to remand that case to state court based on [the] technical defect in the Notice of Removal within the time allowed.' The Court agrees with the analysis in *Tri-Color Oil* that refusing remand based on procedural defects would make '§ 1447(c) … nothing more than a vehicle by which an unhappy plaintiff, who selected a presumptively competent state forum, can … make everybody but the plaintiff happy.'").

remanded to state court.

### III
### Motion to Dismiss

Though titled a "Motion to Dismiss," the plaintiffs submit in the motion that "[d]ue to [South Jefferson's] failure to comply with the Local Rules and the Orders of the Court, [they] are entitled to remand of this action to the state court from which it originated." Doc. #11 at PageID 62.[11] Because in essence this motion seeks remand and the Court concluded above this case will be remanded, the motion to dismiss will be denied as moot.

### IV
### Conclusion

The motion to remand [6] is **GRANTED**.[12] This case is remanded to the Circuit Court of Montgomery County, Mississippi. The motion to dismiss [7] is **DENIED as moot**.

**SO ORDERED**, this 23rd day of June, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[11] The plaintiffs cite *Deutsche National Trust Co. v. Piersall*, No. 3:15-cv-1782, 2015 U.S. Dist. LEXIS 113671 (N.D. Tex. Aug. 27, 2015); and *Bell v. Texaco, Inc.*, 493 Fed. App'x 587, 592–93 (5th Cir. 2012). Doc. #12 at PageID 65. *Bell* considered dismissal with prejudice due to a party's failure to comply with discovery orders pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), not because of procedural defects in removal. 493 Fed. App'x at 592–93. In *Piersall*, the district court did not remand the case due to the defendants' failure to comply with local rules; rather, it found the plaintiff waived a challenge to the notice of removal, and stated it would remand the case if the defendants failed to pay the court fees after the court denied their motion to proceed without prepaying fees. 2015 U.S. Dist. LEXIS 113671, at *3–4.

[12] Inherently, the plaintiffs' objection to the removal notice is sustained.